UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT RIVERA,**

      **Plaintiff,**

v.                                           Case No:   6:16-cv-1644-Orl-40GJK

**LOCK BUSTERS, INC. and LOCK BUSTERS OF SOUTHWEST FLORIDA, INC.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION TO COMPEL ARBITRATION AND STAY THIS ACTION (Doc. No. 7)** |
| **FILED:** | September 27, 2016 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

On September 20, 2016, the Defendants removed this action to the district court from Florida's Ninth Judicial Circuit Court.  Doc. No. 1.  In the complaint, Plaintiff alleges the Defendants violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq. (the "FLSA").  Doc. No. 2.  Plaintiff's FLSA claim against the Defendants is also brought on behalf of other similarly situated employee, pursuant to 29 U.S.C. 216(b)-(c), as a putative collective action.  Doc. No. 2 at ¶¶ 16-19.  On September 27, 2016, the Defendants filed an Unopposed Motion to Compel Arbitration and Stay This Action (the "Motion").  Doc. No. 7.

Defendants attach an employment agreement (the "Agreement") between Plaintiff and Defendant Lock Busters, Inc., wherein the parties "agree to submit all disputes related to compensation arising out of this Agreement to binding arbitration." Doc. No. 7 at 14 ¶ 8. Based upon that arbitration clause, Defendants argue that this case should be stayed and the parties should be compelled to submit Plaintiff's FLSA claim to arbitration. Doc. No. 7 at 7. The Motion is unopposed. Doc. No. 7 at 7.

The Eleventh Circuit has held that FLSA claims for unpaid overtime wages may be subject to compulsory arbitration agreements even if the claims are brought as a collective action. *Walthour v. Chipio Windshield Repair*, LLC, 745 F.3d 1326, 1332-34 (11th Cir. 2014). Furthermore, the parties agree that the Agreement constitutes a valid written agreement to arbitrate issues regarding Plaintiff's compensation and there is no issue as to whether Defendants' right to arbitrate has been waived. *See Senti v. Sanger Works Factory, Inc.*, No. 6:06-cv-1903-Orl-22DAB, 2007 WL 1174076, at *5 (M.D. Fla. April 18, 2007) (Florida law requires a valid written agreement, arbitrable issues, and the absence of waiver before court will compel arbitration); Doc. No. 7 at 5-7. Accordingly, after having carefully reviewed the Agreement and the Motion, and in the absence of any objection from the Plaintiff, it is recommended that the Motion be granted as unopposed.

Based on the foregoing, it is hereby **RECOMMENDED** that:

1. The Motion (Doc. No. 7) be **GRANTED as unopposed**;

2. Pursuant to the parties' Agreement (Doc. No. 7 at 14 ¶ 8), the Court **DIRECT** the parties to submit Plaintiff's FLSA claim to arbitration;

3. The case be **STAYED and administratively closed** pending the outcome of arbitration or further order of the Court; and

4. The parties be directed to file joint status reports every ninety (90) days.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1**.  In order to expedite the final disposition of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on October 18, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy